IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL DOCKET NO.: 5:05CR206-V

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **MICHAEL RAY HOOD (2),** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Government's "Notice of Appeal and Motion for Revocation of the Magistrate's Order," filed June 13, 2006.

Defendant was charged by way of Bill of Indictment with conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841, 846 (Count One), possession with intent to distribute methamphetamine and aiding and abetting, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Counts Two, Three, Four, Five and Six), and possession of a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (Count Eight).[1] United States Magistrate Judge David Keesler presided over Defendant's original detention hearing on May 9, 2005. At the conclusion of this hearing, Defendant was ordered detained. Subsequently, on April 27, 2006, Defendant entered into a written plea agreement with the Government and on May 11, 2006, Defendant pled guilty to Counts One and Eight of the Bill of Indictment.

On June 6, 2006, Defendant filed a Motion for Bond Review, in which Defendant cited

---

[1] It is further noted that Defendant allegedly shot his daughter and was charged in state court with assault with a deadly weapon with intent to kill or inflict serious injury.

1

his completion of the substance abuse treatment program at the Mecklenburg County Jail and his subsequent role as a mentor in that same drug treatment program as sufficient substantial changes warranting release pending sentencing. As a result of this Motion, on June 13, 2006, Defendant appeared before Chief United States Magistrate Judge Carl Horn for a bond review hearing.

There is a rebuttable presumption of detention where a person has been found guilty of an offense and is awaiting sentencing. 18 U.S.C. § 3143(a)(1). Defendant contends that this presumption is rebutted in this matter due to the fact that he completed the substance abuse treatment program at the Mecklenburg County Jail, he was selected by the counselors in that program to act as a mentor to other individuals participating in the substance abuse treatment program, he has provided substantial assistance to the Government, he has a place to live while released on bond, and he has no other criminal history. Moreover, Defendant argues that he has provided substantial assistance to the Government and defense counsel expects that as a result of this assistance, the Government will file a motion for downward departure prior to or during Defendant's sentencing hearing.

At the conclusion of the hearing, Magistrate Judge Horn granted Defendant's Motion for Bond and released Defendant. The Magistrate Judge concluded that the fact that Defendant had completed the drug treatment program, was chosen as a mentor to assist others in that same treatment program, provided substantial assistance to the Government thereby warranting a downward departure, had been in custody for over one year, had a supportive family with whom he could live upon release, and was fifty-one years old with no criminal history were all sufficient factors to warrant release at that time. Moreover, Magistrate Judge Horn released Defendant upon various conditions, which included that Defendant: (1) execute a $25,000

unsecured bond; (2) be placed on house arrest with electronic monitoring; (3) engage in full-time employment; and (4) continue drug treatment after-care. Magistrate Judge Horn further ordered that Defendant not be released until the electronic monitoring system was in place. The Government opposes this release and moves for an Order of Revocation of the Magistrate Judge's Order of Release.

This Court reviews *de novo* the Magistrate Judge's detention order. *United States v. Williams*, 753 F.2d 329, 333 (4th Cir. 1985). The Court has reviewed the recording of the hearing before Magistrate Judge Horn, as well as the contents of the criminal file in this matter. In determining whether there are conditions of release that will reasonably assure the appearance of the Defendant and the safety of other persons and the community, the Court must consider all the evidence regarding:

    (1)    the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

    (2)    the weight of the evidence against the person;

    (3)    the history and characteristics of the person, including –
        (A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearances at court proceedings; and

        (B)    whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

    (4)    the nature and seriousness of the danger to any person or the community that would be posed upon the person's release. . . .

18 U.S.C. § 3142(g).

Upon review of these factors and for the reasons stated herein, the Court accepts the Magistrate Judge's finding that bond is appropriate.  In support of this conclusion, the Court finds significant that since Defendant's first detention hearing, he has not only completed the drug treatment program in the Mecklenburg County Jail but due to his exemplary behavior, was chosen to mentor other individuals participating in that same program.  Additionally, as found by the Magistrate Judge, Defendant is fifty-one years old and has no prior criminal history.  Moreover, Defendant has ties to the community, held a job prior to his involvement with drugs, and has a residence where he can live upon release.  Defendant provided substantial assistance to the Government and, as a result of this assistance, expects that the Government will file a downward departure motion prior to or during Defendant's sentencing hearing.  The Court further notes that Defendant's daughter, who Defendant allegedly shot, appeared at Defendant's bond review hearing and advised the Court that she is not afraid of her father and requested that he be released pending sentencing.

Defendant will live with his family while out on bond and will work full-time.  Defendant will be subject to drug testing and will attend a drug treatment after-care program.  Moreover, Defendant will be supervised by electronic monitoring and will not be released until such electronic monitoring is in place.  Taking all of the factors into consideration, the Court finds that this combination of conditions, along with the requirements imposed by Magistrate Judge Horn, will reasonably assure the appearance of Defendant and the safety of the community.

**IT IS, THEREFORE, ORDERED** that the Government's "Notice of Appeal and Motion for Revocation of the Magistrate's Order" is hereby **DENIED**.  Accordingly, the Order of Magistrate Judge Horn authorizing release is hereby **AFFIRMED**.

**IT IS FURTHER ORDERED** that Defendant be released upon the same terms and conditions as ordered by Magistrate Judge Horn on June 13, 2006.

**IT IS FURTHER ORDERED** that the Clerk certify copies of this Order to Defense Counsel, the United States Attorney, the United States Marshal Service, and the United States Probation Office.

Signed: June 14, 2006

Richard L. Voorhees
United States District Judge